1   Alan E. Wisotsky (SBN 68051)
    Brian P. Keighron (SBN 71445)
2   LAW OFFICES OF ALAN E. WISOTSKY
    300 Esplanade Drive, Suite 1500
3   Oxnard, California  93036
    Tel:    (805) 278-0920
4   Fax:    (805) 278-0289
    E-mail:  lawyers@wisotskylaw.com
5
    Attorneys for Defendants CITY OF OXNARD,
6   OFFICER GUY HARTSON, OFFICER ED CASTRUITA,
    OFFICER KEVIN GORMLEY, OFFICER SCOTT COE,
7   and JOHN CROMBACH

8              **UNITED STATES DISTRICT COURT**

9            **CENTRAL DISTRICT OF CALIFORNIA**

10

11  CORNELL ALLEN, JR., an          )    No. CV 07-06456 GHK (JWJx)
    individual,                     )
12                                  )    **PROTECTIVE ORDER**
            Plaintiff,              )
13                                  )
                                    )    NOTE: CHANGES MADE BY
14      v.                          )    THE COURT
                                    )
    CITY OF OXNARD, et al.,         )
15                                  )
            Defendants.             )
16                                  )
    _____)

17

18

19      Pursuant to the stipulation of the parties, IT IS HEREBY

20  ORDERED that:

21      1.   The documents subject to this stipulation are documents

22  responsive to plaintiff's Request to Produce Documents (Set One),

23  item numbers 1, 5, 6, 16, 17, 18, 19, 59, 60, 61, 62, 63, 64, 65,

24  and 66.

25      2.   The documents delineated in the privilege log referenced

26  above are the proper subject of a privilege.  Those documents are

27  specifically identified in Addendum A attached to this order and to

28  the stipulation of the parties.  This Court finds that the

1   documents so identified in Addendum A and the information contained
2   therein is confidential.

3       3.   Defendants may redact highly personal and irrelevant
4   confidential information contained in such personnel files, such
5   as, but not limited to, home addresses, phone numbers, names of
6   family members, personal injury and workers' compensation infor-
7   mation, salary information, tax return information, non-police-
8   related occupational and educational information, and similar
9   information.

10      4.   The Court may modify this protective order at any time
11  for good cause shown and upon notice to the affected parties.  The
12  parties themselves may further stipulate to add or delete
13  additional documents or information subject to this protective
14  order.

15      5.   Said documents were acquired in confidence and are the
16  proper subject of a privilege, and the defendants' concerns of
17  privilege and other objections raised in their response and
18  outlined in their privilege logs are adequately protected by the
19  protective agreement and order.

20      6.   The defendants may produce the documents referenced in
21  this protective order subject to the following protections:

22          (a)  All such documents, writings, and information will
23  be considered confidential information.  This confidential infor-
24  mation shall be used solely in connection with this case, and the
25  preparation and trial of this case, or any related appellate
26  proceeding, and not for any other purpose.

27          (b)  Said documents and information shall not be dis-
28  closed by plaintiff or his attorneys to anyone other than:

1          (1)   The plaintiff's attorneys and their staff;

2          (2)   Any expert or consultant hired or retained by

3     plaintiff or his attorney;

4          (3)   Any judge or magistrate judge presiding over

5     any aspect of this action;

6          (4)   Any mediator or other settlement officer agreed

7     to or appointed to assess and evaluate the dispute;

8          (5)   Subject to the below exceptions, any witnesses

9     disclosed by any party pursuant to Rule 26(a)(1), (2), and (3) of

10    the Federal Rules of Civil Procedure and local rules, or any depo-

11    nent in the course of testifying or preparing for testimony.

12         7.   The materials contained within the personnel files of

13    defendants Guy Hartson, Ed Castruita, Kevin Gormley, and Scott Coe,

14    and the internal investigation of the incident, shall not be

15    provided to or viewed by the plaintiff, the plaintiff's family, or

16    friends of the plaintiff.

17         8.   Said documents and information shall not be provided to

18    news media, television, radio, or placed on the Internet.

19         9.   All persons to whom said documents are disclosed will be

20    apprised of this stipulation and of its binding nature on all

21    persons connected with this case.

22         10.  To the extent that any confidential information is

23    disclosed to a witness pursuant to this order, the documents shall

24    be appropriately marked "Confidential Document produced in *Allen v.*

25    *City of Oxnard, et al.,* subject to protective order."

26         11.  Confidential information or documents shared with or

27    otherwise disclosed to witnesses shall be returned to the

28    / / /

3

1   disclosing party at the conclusion of this action, and any copies

2   shall be destroyed forthwith at the conclusion of this action.

3       12.   There is no concession by defendants as to the admis-

4   sibility of such items herein disclosed, and defendants have the

5   right to seek exclusion of any such items or the information

6   contained therein or their existence either in limine or during

7   trial.

8       13.   Disclosure of said documents shall be made within 20 days

9   of receipt by defendants of a signed and conformed order of the

10  Court.

11      14.   **The Court and its personnel are not subject to the terms**

12  **of this Protective Order.**

13      **IT IS SO ORDERED.**

14

Dated: April 22, 2008        ___/ S /_____

15                                JEFFREY W. JOHNSON
16                                United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28